[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REARGUE (#117)
On November 22, 1993, the court, Dranginis, J. entered a judgment after default against the defendant, Stephen G. Lask, Jr. in the amount of $92,987.46. Thereafter on January 10, 1994, the defendant filed a motion to open default with an accompanying affidavit. The affidavit provided in part that, "I have good defenses to this action and planned to file a counterclaim of my own."
The affidavit did not disclose the nature of the defense as required by statute or practice book rule. On June 21, 1994, the court denied the motion to open the default and the defendant now seeks to reargue that decision.
Practice Book Rule 377 provides:
 Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the do docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of CT Page 7136 such written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such written motion.
Practice Book § 377.
In order for such a judgment to be set aside, there must be a showing of both a good defense and a good reason for nonappearance. Costello v. Hartford Instituteof Accounting, Inc., 193 Conn. 160, 167, 475 A.2d 310,314 (1984).
While the defendant claims to have a good defense, he has failed to "state in general terms the nature of [his] defense." Accordingly, he has failed to comply with the Practice Book Rule or General Statute § 52-212.[1]
For the foregoing reasons, the motion to reargue is denied.
PICKETT, J.